IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDERICK HERROD, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:22-cv-00320-K (BT) |
| § | |
| DIRECTOR, TDCJ-CID, et al., § | |
| § | |
| Respondents. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Frederick Herrod, a federal prisoner, filed a *pro se* petition for a writ of habeas corpus attacking a state robbery conviction. *See* Resp. 6 (ECF No. 14) ("Petitioner is Attacking His Texas State Court Robbery Conviction in The Year of 2000."). Because he is attacking a state conviction, the Court should construe Herrod's filing as a petition under 28 U.S.C. § 2254 and transfer his petition to the Fifth Circuit Court of Appeals as second or successive. In the alternative, the Court should dismiss his petition without prejudice because Herrod fails to demonstrate he was in state custody when he filed his petition.

I.

On August 8, 2000, Herrod pleaded guilty in Texas state court to aggravated robbery and was sentenced to 45 years' imprisonment. The Fifth

1

District Court of Appeals affirmed the trial court's judgment. Herrod did not file a petition for discretionary review.

Herrod filed his first § 2254 petition on August 2, 2003. *See Herrod v. Dretke*, No. 3:03-cv-1788-D. In it, he argued: (1) his guilty plea was involuntary; (2) his trial attorney was constitutionally ineffective; and (3) the trial court should have *sua sponte* rejected his guilty plea because no evidence supported his conviction. The District Court denied the petition on the merits, and the Fifth Circuit Court of Appeals denied Herrod authorization to file a successive § 2254 petition.

On February 1, 2022, Herrod filed the pending § 2254 petition along with a memorandum in support. (ECF Nos. 3, 4.) It is difficult to discern a precise argument in Herrod's petition. He summarily claims that he "is in immediate danger due to the fact that his 14th amendment constitutional safeguard was violated." Pet. 2 (ECF No. 3). He also makes numerous references to Article III, and he claims that his motion to invoke the "Article 3" Judicial Power is addressed to Chief Judge Lynn "only." *Id.* 3, 27. Herrod argues that, to the extent his filings cannot be addressed by Chief Judge Lynn, they should be transferred to another Article III Judge or the Chief Judge of the Fifth Circuit Court of Appeals. *Id.* 27. And, without additional context, Herrod asserts that he was prosecuted and convicted without due process of law. *Id.* 2.

2

On March 1, 2022, the Court issued a Magistrate Judge's Questionnaire seeking additional information regarding Herrod's petition. MJQ (ECF No. 7). In his response to the Questionnaire (ECF No. 14), Herrod clarifies he is currently in federal custody serving a 108-month sentence for a 2020 conviction in the United States District Court for the Western District of Arkansas in Fayetteville. *Id.* 5 (citing Case No. 5:19-CR-50094-001). Herrod further clarifies that this action seeks to attack his 2000 robbery conviction in Texas. *Id.* 6. He also concedes that he previously filed a § 2254 petition attacking his Texas conviction in this Court. *Id.*

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). To raise a claim in a second or successive § 2254 petition, a prisoner must show: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files a successive petition in the District Court, a three-judge

3

panel of the Fifth Circuit must determine whether he makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

A petition is deemed successive when it raises a claim that was or could have been raised in an earlier petition, or otherwise is an abuse of writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008). However, a second petition is not successive when the first petition was dismissed due to prematurity or for lack of exhaustion. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). This is so because "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

Although Herrod's precise claims are difficult to discern, the concepts he addresses are matters that could have been raised in his initial § 2254 petition. For example, he claims that he was prosecuted and convicted without due process of law. Pet. 2 (ECF No. 3). Therefore, the pending petition is a second § 2254 petition. The Fifth Circuit has not issued an order authorizing this Court to consider Herrod's second petition, and he must obtain such an order before he may file another petition for habeas relief under § 2254.

III.

In the alternative, Herrod's petition should be dismissed because he was not in state custody pursuant to a state judgment when the petition was filed. A petition for writ of habeas corpus by a prisoner attacking his state

4

conviction and/or sentence must be brought on "behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b)(1). "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also Pleasant v. State of Texas*, 134 F.3d 1256, 1257 (5th Cir. 1998). A court may only consider a federal habeas petition under § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. 28 U.S.C. § 2254(a); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973); *Emmett v. Director*, 2022 WL 379951, at *2 (N.D. Tex. Jan. 24, 2022)*, rec. adopted* 2022 WL 378198. The "in custody" language contained in § 2254 does not require a petitioner to be in physical custody, but it does require that he demonstrate some additional restriction on his liberty. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) (holding that a petitioner released on his own recognizance pending execution of his sentence was in custody within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a)); *see also Jones v. Cunningham*, 371 U.S. 236, 239-240 (1963) (the in custody requirement is satisfied when the petitioner is still subject to severe and immediate restraints on his liberty that are not shared by the public in general).

There are three considerations for a court when assessing whether a habeas petitioner can satisfy the "in custody" requirement: (1) whether the petitioner is subject to restraints not imposed on the general public; (2) whether the petitioner's incarceration is "a speculative possibility that depends on a number of contingencies over which [the petitioner] has no control;" and (3) whether a finding there is no custody simply postpones the habeas case until the petitioner is in jail. *Hensley*, 411 U.S. at 351-53; *see also Spring v. Caldwell*, 692 F.2d 994, 997 (5th Cir. 1982); *Nixon v. Brown*, 2017 WL 4053724, at *2 (N.D. Tex. Sept. 5, 2017), *rec. adopted* 2017 WL 4005458. A writ of habeas corpus under § 2254 applies to a person who is "in custody" under a state court judgment. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful *custody*." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). "A state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 119 (1982) (emphasis added); *see also Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (noting that a federal district court does not review the state court judgment but the lawfulness of the petitioner's "custody"); *Brown v. Director*, 2022 WL 509352, at *12 (N.D. Tex. Jan. 28, 2022), *rec. adopted* 2022 WL 504170.

6

Herrod filed his petition on January 31, 2022. *See* ([ECF No. 3](#)). At that time, he was in custody at the Federal Correctional Institution (FCI) Texarkana in Texarkana, Texas. *See id.* at 28 (the envelope containing Herrod's § 2254 petition lists FCI Texarkana as the return address). And Herrod appears to still be incarcerated at FCI Texarkana. *See* https://www.bop.gov/inmateloc/ (last visited Mar. 24, 2022). In view of these circumstances, the Court finds Herrod has failed to demonstrate that he meets the "in custody" requirement, and this Court lacks subject matter jurisdiction over this action. *See Nixon*, 2022 WL 451671, at *2 (where the petitioner failed to satisfy the custody requirement associated with his § 2254 petition, the court lacked subject matter jurisdiction over it, and it was properly dismissed without prejudice); *see also Reyna v. Director, TDCJ-CID*, 2021 WL 6297752, at *2 (N.D. Tex. Dec. 6, 2021) (finding that the custodial requirement "implicates the Court's jurisdiction over [the] case," so "a federal court lacks subject matter jurisdiction to entertain a petition if, at the time it is filed, the prisoner is not 'in custody' under the conviction and sentence that he seeks to attack."), *rec. adopted* 2022 WL 60351 (N.D. Tex. Jan. 6, 2022). For these reasons, Herrod's petition should be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

IV.

The Court should TRANSFER Herrod's petition for a writ of habeas corpus to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). In the alternative, Herrod's petition should be DISMISSED without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED**

Signed March 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).